IN THE MATTER OF THE ESTATE OF REBECCA PANEE HUMEKU, DECEASED.

No. 1965.

ARGUED OCTOBER 28, 1930.     DECIDED DECEMBER 1, 1930.

PERRY, C. J., BANKS AND PARSONS, JJ.

OPINION OF THE COURT BY BANKS, J.

This is a motion to dismiss a writ of error. One of the grounds is that the decree which the plaintiff in error now asks this court to review was rendered in a proceeding in equity, which under section 2248, R. L. 1925, was cognizable only by a circuit judge at chambers and that the writ of error was to the circuit court at term, an entirely different tribunal.

It is conceded that the decree which the plaintiff in error wishes this court to review was rendered by a circuit judge at chambers in an equity suit. If therefore it appears from the application for the writ and the steps taken in connection therewith that the writ was to the circuit court at term and not to the circuit judge at chambers it was to the wrong court and did not authorize the transmission to this court for its review of a record in an equity suit. In the caption of the application for the writ the tribunal whose actions were sought to be reviewed is described as "Circuit Court First Circuit." In the assignments of error the same tribunal is similarly designated, and in the notice of the filing of the application for the writ and its issuance, served on the defendants in error, the same description of the court is given and the notice itself is as follows: "You and each of you will please take notice that in the above entitled court and cause an application for a writ of error has been filed, and a writ of error has been allowed to issue to the circuit court of the first judicial circuit, Territory of Hawaii, on the ........ day of June, A. D. 1930."

There can be no doubt from the foregoing that the record commanded to be sent to this court was a record in a case tried and determined by the circuit court at

term and not a record in a case that had been tried and determined by a circuit judge at chambers. There is a distinct statutory difference between these two courts. A writ of error to one would not justify the review of a judgment rendered by the other. The plaintiff in error claims that even so he should be allowed to amend the application for the writ and the assignments of error and the writ itself so as to properly describe the court whose decree he now wishes to have reviewed. We think the amendment is not permissible. If the writ is to one court it cannot by amendment be made applicable to another and different court. This is particularly true when as in the instant case the statutory period for issuing a writ of error has expired. To allow the amendment requested by the plaintiff in error would be to allow the writ that was issued to be so completely changed as to issue it to another and entirely different court. This would be equivalent to authorizing a new writ after the limitation of time had expired. Our powers do not go so far.

The distinction between circuit courts at term and circuit judges at chambers was discussed in *In re Candido, ante* 630.

The motion to dismiss the writ of error is sustained.

*N. D. Godbold (Heen & Godbold* on the brief) for the motion.

*I. M. Stainback (Kemp & Stainback* on the brief) contra.