IN THE MATTER OF THE ESTATE OF MANUEL
PINHEIRO, DECEASED.

No. 2149.

SUBMITTED MARCH 29, 1934.                    DECIDED MAY 10, 1934.

PERRY, C. J., BANKS AND PARSONS, JJ.

*Per Curiam.* This is a motion to dismiss a writ of
error. It is based on two grounds, the first of which is
"that it appears that the writ of error in the above entitled
cause was issued to the circuit court of the second judicial
circuit to review an order rendered by the judge of the
circuit court of the second circuit, at chambers."

The movants contend that there is nothing in the cap-
tions of the application for the writ, the notice of the filing
of the application, the assignment of errors, the praecipe
or the writ itself indicating the tribunal in which the case
was tried and that nowhere in these papers does it appear
that the cause was at chambers.

It is contended, however, that the use of the word
"court" throughout the assignment of errors conclusively
indicates that the order sought to be brought here for re-
view was entered at term and not at chambers. It is true
that each assignment of error begins with the words "The
court erred," but this does not necessarily imply that it
was the court at term that erred. The judge sitting and
hearing matters in chambers also sits as a court and acts
in his judicial capacity.

It is further urged that it particularly appears from
the following language at the beginning of the assignment
that the order was entered at term and not at chambers:
"Now come Daniel Pinheiro and Augusta Pinheiro by

O. P. Soares, their attorney, and say that in *the final order of the Honorable J. W. Thompson in the above entitled matter in the circuit court of the second circuit of the Territory of Hawaii* entered in the above entitled matter on or about the 27th day of November, 1933, and in the record and proceedings in the above entitled matter there are manifest, material and prejudicial errors." (Italics ours) We think the portion of the language above quoted, and which we have italicized, does not carry the implication that the plaintiffs in error are seeking relief from an order entered at term. If the words "circuit court of the second circuit" were in no way qualified they might describe a court at term. Immediately preceding these words, however, is the following: "Honorable J. W. Thompson in the above entitled matter." The "above entitled matter," as shown by the title (In the Matter of the Estate of Manuel Pinheiro, late of Makawao, Maui, Deceased), refers to the estate of a deceased person which, in the absence of any showing to the contrary, indicates that the controversy was cognizable by the court at chambers. The phrase "in the circuit court of the second circuit" merely designates the jurisdiction in which Judge Thompson sat and not the capacity in which he acted.

In support of the ground of the motion now under consideration our attention is called to *Estate of Humeku*, 31 Haw. 658. That case is clearly distinguishable in its facts from the instant case. There the various documents before us showed affirmatively that the tribunal to which the writ was directed was the circuit court at term and thus did not authorize the transmission to this court of the record in a case tried at chambers. As we have seen this is not true in the instant case.

The next ground of the motion relates to a supposed defect in the notice that was served on the defendant in

error of the filing of the application for the writ of error. The contention is that the notice was fatally defective because addressed to the Union Trust Company and to A. E. Jenkins, its attorney, instead of being addressed to the Union Trust Company, administrator of the estate of Manuel Pinheiro, deceased, and A. E. Jenkins, its attorney, as such administrator. This contention is entirely without merit. The caption of the notice was sufficient to apprise the defendant in error that the application for the writ was made in the matter of the estate of Manuel Pinheiro, deceased. The failure to designate the Union Trust Company as the administrator of the estate was entirely harmless.

The motion to dismiss the writ of error is denied.

*A. E. Jenkins* and *E. Vincent* for the motion.

*O. P. Soares* contra.